## KESSELL v. GREAT NORTHERN RY. CO.
### No. 20284.

District Court, W. D. Washington, N. D.
April 17, 1931.

Charles A. Turner and Louis A. Merrick, both of Everett, Wash., for plaintiff.

Thomas Balmer and Edwin C. Matthias, both of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

The materiality of allegations can have relation only when they give plaintiff a right of action. All that can be gathered from the complaint is that there was an employment agreement between the railway company and the Brotherhood of Railroad Trainmen; that the plaintiff was a member of the brotherhood.

The railway company is a corporate entity. The Brotherhood of Railroad Trainmen is a distinct entity, either corporate or otherwise, and contracted with the railway company in that capacity and relation. There is not asserted any right or remedy which shall accrue to a member of the Brotherhood of Railroad Trainmen for a breach of the agreement which directly involves a member.

The contention that the railway company is contractually bound to plaintiff by the terms of the agreement in his individual capacity and that his discharge, being a breach of the contract, gave him a right of action for losses sustained, would create a relation which is not expressed, and certainly not pleaded. No right of action accrued to the plaintiff by reason of the employment, unless predicated upon contract or tort. The action is on contract, and there is no allegation that the agreement was by reason of any stipulation incorporated with the service so as to entitle either party to enforce inter se the terms thereof. The agreement obviously was intended to operate between the railway company and the brotherhood, by mutually agreed terms of employment and regulations beneficial to the employees. The agreement is clearly between the railway company and the brotherhood organization, and constitutes no contract between any member employee and the railway company. No precedent is presented from any courts of the United States.

Lord Russell of Killowen, for the Lords of the Judicial Committee of the Privy Council, November 25, 1930, in a like relation and contract, in Young v. Canadian Northern Ry. (Canada), among other things, said: "It appears to their lordships to be intended merely to operate as an agreement between a body of employers and a labor organization by which the employers undertake that as regards their workmen certain rules beneficial to the workmen shall be observed. By itself it constitutes no contract between the individual employee and the company which employs him. If an employer refuse to observe the rules, the effective sequel, not an action by an employee, not even an action by Division No. 4 (the distinct brotherhood or society) against the employer for specific performance or damages, but of a strike until the grievance was remedied."

The motion of the defendant to strike the parts of the first cause of action of the third amended complaint relating to the contract between the defendant railway and the Brotherhood of Railroad Trainmen is granted. As to the second cause of action, the parts of the third, fourth, eleventh, and twelfth paragraphs will be likewise granted; and the motion as to the third cause of action will be granted unless a bill of particulars is furnished.