ANGELO FLORESTANO v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

October 30, 1936.

No. 30,921.

*Jaques & Hudson, L. M. Hatlestad,* and *Fred Ossanna,* for appellant.

*D. F. Lyons, Frederic D. McCarthy, Mitchell, Gillette, Nye & Harries,* and *W. O. Bissonett,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from an adverse judgment entered upon a directed verdict.

[1]Reported in 269 N. W. 407.

204

The action is for damages for wrongfully depriving plaintiff of his seniority rights as an employe of defendant. Plaintiff claims seniority rights under his employment contract negotiated, in October, 1923, with defendant, by an association of the railway employes called the Shop Craft. This contract was for the benefit of all railway employes of defendant. It is a very specific and comprehensive agreement containing rules and regulations in respect to hours of labor, pay, seniority rights, etc., and the settlement of disputes. Under the rules the defendant retains the right to lay off employes whenever its business requires the curtailment of its working force in any branch; but the rule demands that the layoff must be in the inverse order of the rank on the seniority roster in the department or branch of service where the layoff takes place; that is, the last one entered on the roster must be the one first to be laid off. It appears that when this contract went into effect plaintiff was in defendant's employ as a boiler-maker helper on a night shift and worked as such until September 29, 1924. He then asked for day work so that he could stay home nights with his family. No place was open in the day shift of the boilermaker department; but in the boilerwasher department a day helper's place was available. Plaintiff accepted that position and worked continuously as a boilerwasher helper until January 28, 1931, when he was laid off because it was necessary to reduce the force in that department. Later, on February 10, 1931, he was given work as a boilermaker helper, in which capacity he served, with the exception of a two-months layoff in the summer of 1933, until January 29, 1934, when again laid off, and a controversy as to seniority arose which brought on this lawsuit.

As we understand plaintiff's position, he contends that he retained the seniority rank he had on the roster of the boilermaker department on September 29, 1924, when he accepted and while he worked as helper in the boilerwasher department up to January 28, 1931. If he did so retain such rank or rating, the layoff was a breach of the contract of employment; otherwise not. The contract provides for separate seniority rosters in the different branches or departments of the defendant's operations. That being so, plain-

tiff could not retain seniority rights in one department while working in a different department for nearly seven years, which department the employment contract prescribes shall keep a separate seniority roster. Rule 60 in the contract reads:

"Boilerwashing force will be carried on a separate seniority roster and will be paid the following rates: Boilerwashers, 59¢ per hour. Boilerwasher helpers, 56¢ per hour."

Another rule (16) provides that an employe will not be compelled to accept a permanent transfer. But there is no proof or claim of compulsory transfer here. There is also a rule (22f) that a layoff does not forfeit seniority rank if there be a reëmployment within six months (now within a year). We have no doubt that when, at plaintiff's own request, he was transferred in September, 1924, from the employment of boilermaker helper to that of boilerwasher helper, he automatically lost his seniority rank on the roster of the boilermaker department of the service, and acquired the rank on the separate roster of the boilerwasher department of that of helper, then beginning his employment in that branch of the service. The contract with defendant made by the associated employes of the Shop Craft's organization inured to the benefit of plaintiff and governs the relation of all employes alike to the defendant, their employer, regardless of their knowledge or ignorance of its terms. Unless plaintiff can establish seniority rights under this contract he has none.

Plaintiff invokes the doctrine of waiver and contends that when the change was made from boilermaker helper to boilerwasher helper he was not informed that such change would involve his then seniority rank, so there could be no waiver of an unknown right. The doctrine of waiver has no application. That he lost his seniority rank on the boilermaker helper roster when he entered a branch of service that had a separate seniority roster was a matter of contract. There is no duty on the part of defendant to enlighten its employes as to the terms of the contract. Plaintiff may not claim the benefits conferred by the contract and repudiate the conditions annexed to such benefits on the ground that he was illiter-

ate or had not informed himself of its terms. As the learned trial court aptly states:

"No new contract was made when he [plaintiff] changed his job. Whether he understood how his seniority rating was affected by his change of job did not become one of the elements of a new contract of employment; his seniority rating was already fixed by his contract and his change of work, made at his own request, *ipso facto* fixed a new seniority rating whether he understood that it did or not. His agents who made the contract for him understood it, and, under the law of agency and the statute, his agents' understanding bound him."

As we understand plaintiff, there is no claim that in the layoff that occurred after he was reëmployed as a boilermaker helper on February 10, 1931, defendant violated any seniority rating, unless plaintiff had retained his rank or rating the years he was employed as boilerwasher helper.

There is some evidence that plaintiff unsuccessfully carried his grievance to the Shop Craft's organization. But we do not deem it necessary to consider the validity or effect of the decision of the officials to whom plaintiff submitted his complaints, for we are clearly of the opinion that he failed to prove that defendant breached any seniority rights that plaintiff had by virtue of his employment contract.

Affirmed.