## BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN v. KENAN et al.

### No. 8263.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1937.

Giles J. Patterson, of Jacksonville, Fla., and Donald R. Richberg, of Washington, D. C., for appellant.

George M. Powell and Robert H. Anderson, both of Jacksonville, Fla., and Harold N. McLaughlin, of Cleveland, Ohio, for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This appeal presents a controversy be- tween two labor unions as to which shall represent the locomotive engineers of the Florida East Coast Railway in collective bargaining with the receivers of the road.

By leave of court, Grand ·International Brotherhood of Locomotive Engineers, commonly called Brotherhood of Locomotive Engineers, and six individuals, to wit, W. D. Ackerman, J. H. Bell, H. H. Hansen, J. M. Lewin, H. M. Sawyer, and O. H. Wood, filed an ancillary bill, in the receivership· proceedings of the Florida East Coast Railway Company, against Wm. R. Kenan, Jr., and Scott M. Loftin, receivers, for the purpose of having set aside a certificate of the National Mediation Board as to the result·of an election held to determine whether the Brotherhood of Locomotive Engineers, hereafter referred to as the Engineers Brotherhood, or the Brotherhood of Firemen and Enginemen, hereafter referred to as the Firemen Brotherhood, should be authorized to represent the locomotive engineers employed by the railroad in negotiating with the receivers. The bill prayed for a restraining order and for interlocutory and final injunctions. A restraining order issued. The receivers answered, admitting that unless restrained they would give effect to the certificate of the Board. The Mediation Board and the Firemen Brotherhood were not made parties defendant. By or-

der of court, the Firemen Brotherhood was permitted to intervene. It filed motions to recall the restraining order and to dismiss the bill for want of equity. The Mediation Board did not enter an appearance. The motion to dismiss was overruled and an interlocutory injunction was granted. While the order overruling the motion to dismiss is not appealable, we may consider the cause of action shown by the bill in determining whether the interlocutory injunction should have issued.

The bill is lengthy. Omitting averments that are merely argumentative or conclusions of the pleader, the material allegations, in substance, are these: That as the result of an election held in October and November, 1934, the Mediation Board certified the Engineers Brotherhood as the representative of the engineers on the Florida East Coast Railroad; that in making up the eligible list for this election the Board ruled that employment on the railroad was of a seasonal nature and therefore all engineers holding seniority rights who had been on the pay roll between March 15 and September 30, 1934, and who had during the last two years devoted all of or the major portion of their working time as engineers, were entitled to vote; that as shown by its first annual report for the fiscal year ending June 30, 1935, the Mediation Board had ruled that a man furloughed or temporarily laid off with seniority rights of reemployment is to be considered an employee, but, if he had been on furlough, without being recalled, for a long enough time to have his name removed from the seniority roster, he was no longer to be considered an employee, and in any case he must have been definitely on the pay roll within a reasonable period prior to the election; that, pursuant to an invocation of the Firemen Brotherhood, an election was held under the supervision of the Mediation Board in May, 1936, to determine what organization should represent the engineers of the Florida East Coast Railroad; that this election resulted in 58 votes being cast for the Firemen Brotherhood and 52 for the Engineers Brotherhood; that in calling the election the Mediation Board determined that the employees eligible to vote were the locomotive engineers shown on the eligible list; that in making up the eligible list the six individual plaintiffs were excluded; that they were on the seniority roster and entitled to vote, though presently employed as engineers by other railroads, under the rules above referred to, which had not been changed; that one W. W. Lish, who was on the seniority list but had not been on the pay roll of the railroad since March, 1935, and was at the time employed as a stationary engineer for a city waterworks plant, was permitted to vote; that the six individual plaintiffs would have voted for the Engineers Brotherhood, the result of the election would have been a tie, and the Engineers Brotherhood would have continued to represent the engineers on the railroad; that, if the six individual plaintiffs had been permitted to vote and Lish had been excluded, the election would have been in favor of the Engineers Brotherhood; that protest was made to the Mediation Board when the eligible list was published, without avail. It appears from the certificate of the Mediation Board, filed with the bill as an exhibit, that after the election the Engineers Brotherhood requested that the election be set aside and no certification of representatives be made, for the reasons above stated, but this was denied, on the ground that the furloughed men employed by other railroads were entitled to participate in the selection of representatives of those railroads and could not be considered employees of the railroad that furloughed them.

The Railway Labor Act (44 Stat. 577) was adopted by Congress to promote collective bargaining between the employees of a railroad and the carrier. To that end it provided means for the protection of the employees in the selection of their own representatives, without interference or coercion by the employer. That the legislation is valid is settled. Texas & N. O. R. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034.

As a further step in the same direction, the amendment of June 21, 1934 (T. 45 U.S.C.A. § 151 et seq.), created the National Mediation Board. Section 2 of the amendment, ninth paragraph (T. 45 U.S.C. A. § 152), provides: "If any dispute shall arise among a carrier's employees as to who are the representatives of such employees designated and authorized in accordance with the requirements of this chapter, it shall be the duty of the Mediation Board, upon request of either party to the dispute, to investigate such dispute and to certify to both parties, in writing, within thirty days after the receipt of the invocation of its services, the name or names

of the individuals or organizations that have been designated and authorized to represent the employees involved in the dispute, and certify the same to the carrier. Upon receipt of such certification, the carrier shall treat with the representative so certified as the representative of the craft or class for the purposes of this chapter. In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier. In the conduct of any election for the purposes herein indicated the Board shall designate who may participate in the election and establish the rules to govern the election, or may appoint a committee of three neutral persons who after hearing shall within ten days designate the employees who may participate in the election."

There is no doubt that in establishing the Mediation Board and giving it authority as above shown Congress intended that the decisions of the Board should be final and binding upon contending groups of employees and the carrier. The validity of the section is not challenged in this case nor could it be. The general rule is that, where Congress has appointed an administrative Board and it has acted within the scope of its authority, its findings are not subject to review by the courts, if supported by evidence, there was no irregularity in the proceedings, and the constitutional rights of persons adversely affected are not violated. Phillips v. Commissioner, 283 U. S. 589, 51 S.Ct. 608, 75 L.Ed. 1289, and authorities therein cited.

The gravamen of the complaint is that the Board failed to give effect to and follow its own rules. It is not alleged that the Board acted on insufficient evidence, was guilty of fraud in reaching its decision, or that the proceedings were otherwise irregular. It is clear that no constitutional rights of the parties were impaired.

The Mediation Board had authority to interpret its own rules and to amend or set them aside in its own discretion. We do not consider that the ruling that furloughed employees were ineligible to vote if employed on other railroads is unreasonable or inconsistent with the previous rules.

The conclusion we reach is that the election was not, on the grounds alleged, subject to review by the court. It follows that the interlocutory injunction should not have issued. The judgment of the District Court is reversed and the case remanded, with instructions to recall the interlocutory injunction and to dismiss the bill.