## ESTES et al. v. UNION TERMINAL CO.

### No. 8151.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1937.

Rehearing Denied May 28, 1937.

See, also, Lane v. Union Terminal Co., 12 F.Supp. 204.

John H. Crooker and Carl G. Stearns, both of Houston, Tex., and Frank L. Mulholland, of Toledo, Ohio, for appellants.

Robert G. Payne and John C. Robertson, both of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a suit to enforce an award of the National Railroad Adjustment Board, Third Division, on the ground that the Board was without jurisdiction. The undisputed facts shown by the record are these. On March 1, 1922, Union Terminal Company entered into an agreement with certain classes of its employees, represented by a labor organization, known as Brotherhood of Railway and Steamship Clerks; Freight Handlers, Express and

Station Employees. The agreement covered rules providing for promotion by seniority. On August 23, 1931, John Lane, who had been assistant station master, which position was not covered by the contract, was made a gateman, which position came under rules as to seniority. Appellants, D. W. Estes and Felton, were respectively first and second on the seniority list of gatemen. The appointment of Lane as gateman displaced Estes who in turn displaced Felton, with consequent change in hours and working conditions and reduction in pay. Negotiations between the Brotherhood and the Terminal Company failing, the case was taken to the National Railroad Adjustment Board, with the result that after a hearing before the Third Division, sitting in Chicago, the Board concluded that Lane did not have seniority rights, under the provisions of the agreement, to displace Estes and Felton and the Terminal Company was ordered to compensate Estes and Felton in an amount equal to the difference between what they had earned and what they would have earned if not displaced, and to remove Lane from his position as gateman. Suit was brought in the District Court to enforce the order. The Terminal Company filed five pleas in abatement. The District Court overruled all the pleas except the fifth, which was based on the failure of the Board to give notice to Lane of the proceedings before it. Since no other point is urged by appellee, we may confine our consideration of the case to that plea.

■ The purpose of the Railway Labor Act (45 U.S.C.A. § 151 et seq.) is to facilitate peaceful, orderly adjustment of disputes between railroads and their employees, to prevent strikes and other disturbances. That the legislation is valid is settled. Brotherhood of Locomotive Firemen and Enginemen v. Kenan (C.C.A.) 87 F.(2d) 651. Section 3(j) of the act, as amended by the Act of June 21, 1934, § 3, 45 U.S.C.A. § 153(j), as to hearings before the Board, provides:

"Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them."

Under the plain provisions of the act an employee may conduct his negotiations with his employer and the proceedings before the Board, if necessary, either personally or through a chosen representative, which may or may not be a labor organization.

■ Apparently, the Board held that Lane was not involved in the dispute and therefore was not entitled to notice under the provisions of section 3. In this we think the Board was wrong. Conceding that while Lane was employed as assistant station master he was not covered by the provisions of the contract, when he was given the position of gateman, he became subject to it and was as much involved in the controversy before the Board, as either Estes or Felton. Furthermore, he was materially affected by the order. Section 3 is rendered somewhat ambiguous by the use of the word "involved" instead of a more comprehensive term.. But in justice and fairness every person who may be adversely affected by an order entered by the Board should be given reasonable notice of the hearing. Lane was occupying the position of gateman. The order of the Board required his dismissal. No man should be deprived of his means of livelihood without a fair opportunity to defend himself. Plainly, that is the intent of the law. The case at bar illustrates how a single employee may be caught between the upper and nether millstones in a controversy to which only a labor organization and a carrier are parties before the Board. It is not necessary for an employee to be named as a party to the proceeding before the Board to be involved in the controversy within the meaning of the law.

■■ It is urged that in some cases such a great number of employees may be affected that it would be impossible to give them all notice. This argument unnecessarily magnifies the difficulty. The solution of the problem is practical and neither technical nor theoretical. The notice may be informal and delivered by mail. If two organized groups of employees are involved in the controversy, of course, it would not be necessary to give notice to every individual member of those organizations. Parties to a lawsuit are bound by notice to their counsel. In such case notice to the duly constituted officers of the organization would generally be sufficient to bind its members. It may be assumed

that in most controversies before the Board only a few individuals not connected with an organization will be involved. There should be no difficulty in notifying them by mail. Notice may be brought to the attention of large groups of interested parties by posting it in appropriate places, the same as is usually done when an injunction is issued against a large class of persons. The difficulty of giving notice, or rather the inconvenience occasioned to the Board by doing so, would not excuse compliance with the law. Notice should be given in some adequate way to all persons who will be substantially affected by the order that may be entered by the Board, unless notice is waived.

 However, it is shown that while Lane did not receive formal notice of the hearing from the Board he had actual knowledge and was well aware that a meeting would be held that might adversely affect his status as an employee of the Terminal Company. He consulted with the representatives of the Terminal Company, who attended the meeting and no doubt was satisfied to have them protect his rights. He could have named them as his representatives. He had the right to intervene in the proceedings before the Board. Had he done so he would have waived notice. Proceedings before the Board are informal and an order of the Board is not self-executory. The rights of all persons affected by the order may be adjudicated in a suit to enforce it. Lane can now intervene in or otherwise be made a party to the suit in court, which will afford due process of law. In the circumstances shown we do not consider the Board was deprived of jurisdiction to proceed with the case and enter the order that is sought to be enforced. The error in not giving notice to Lane could have been corrected by the Board. It may be corrected now by the court. Orders of the Board should not be set aside for technicalities if all substantial rights can be finally protected.

The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HUTCHESON, Circuit Judge (concurring specially).

I agree that it was plain error to dismiss the cause for want of jurisdiction, and that it should be remanded for trial upon its merits. I agree, too, that Lane had actual knowledge of the hearing; that the carrier undertook in effect, if not in fact, to represent him at the hearing, and that the carrier cannot now defend against the suit because the Board did not give Lane formal notice of the hearing.

I do not, however, agree with the opinion expressed by the majority, that Lane was, within section 3(j) of the act (as amended, 45 U.S.C.A. § 153(j), an employee involved in the dispute, to whom the Adjustment Board was required to give notice of hearings. I think it quite plain that he was not.

Neither can I at this time, with Lane not before us, join with the majority in its expression of opinion as to the effect upon Lane's rights of the proceedings already taken. I think it well, then, to make a statement of my view of the rights of the parties as they are presented to us.

This appeal tests whether a suit brought under subdivision (p) of section 153, title 45, U.S.C.A., to enforce an award of the Railroad Adjustment Board, was rightly dismissed for want of jurisdiction. The petition set forth, as required by the statute, the causes for which relief was claimed, "and the order of the Division Adjustment Board in the premises." The plaintiffs were the Brotherhood of Railway and Steamship Clerks, Freight Handlers, and Express and Station Employees, and D. W. Estes and A. Felton, two of its members. Union Terminal Company was defendant.

The claim was that the defendant, in violation of a written agreement entered into March 1, 1922, with the Brotherhood as the duly designated and authorized representative of the clerical and station employees engaged by defendant in and about its Dallas terminal, had denied, and deprived two of them, Estes and Felton, of their seniority rights. That this had been done by permitting one John Lane, a former assistant station master, to take the position of gateman, though under the agreement both Estes and Felton ranked him in seniority, and were entitled, ahead of him, to the position.

It was alleged that the dispute between the parties to it, the Brotherhood on the one hand, and the defendant carrier on the other, had been proceeding as required by law in the usual channels since Septem-

ber, 1931, when Estes and Felton were displaced, but without result until taken before the Third Division of the National Adjustment Board. There it was duly decided in favor of petitioners and an award in writing [1] was duly made and entered.

It was further alleged that though duly furnished with a copy of the award, the carrier failed and refused to comply with it, and that this suit was therefore brought under the statute, to enforce it. The amount of loss and damage to Lane and to Estes was set out in the petition, and there was a prayer that mandamus issue to defendant, compelling it to carry out the award by restoring plaintiffs to the positions to which their seniority rights entitled them, and for reparation in accordance with the award, and attorney's fees.

Five pleas, in abatement of the suit for want of jurisdiction, were filed by the defendant.

(1) That in the various respects set out in detail in the plea, the act whose benefits plaintiffs invoke violates the Constitution of the United States. (2) That there was already pending a suit in the state district court, brought by Lane against the Union Terminal Company and Estes and Felton for injunction against the enforcement of the award and the order of the Adjustment Board. (3) That John Lane is a necessary party to the suit. (4) That the Brotherhood was neither a necessary nor a proper party, and that its presence constituted misjoinder. (5) That the award is a nullity, for (a) the jurisdiction of the Board is limited to pending issues, and the dispute at issue was not pending at the passage of the act of 1934, but had long before been concluded, (b) in order to have jurisdiction to hear a dispute and render an award therein, "it was and is necessary that the National Railroad Adjustment Board give notice of the hearing to all employees involved in such dispute, under section 153, subd. (j) providing—

[1] "Award No. 6 Docket No. CL—18. Parties to Dispute—Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, Union Terminal Company.

"Dispute:—(a) Did John Lane, Assistant Station Master, Union Terminal, Dallas, Texas, have the right, under the provisions of the agreement, to displace E. (D.) W. Estes, Gateman, who in turn displaced A. Felton, Gateman. (b) Shall E. (D.) W. Estes be restored to his former position of Gateman with seniority rights unimpaired? (c) Shall E. (D.) W. Estes and A. Felton be compensated by the carrier for wage loss sustained?

"Findings:—The Third Division of the Adjustment Board upon the whole record and all the evidence, finds that:

"The carrier and the employees involved in this dispute are respectively carrier and employees within the meaning of the Railway Labor Act as approved June 21, 1934.

"This Division of the Adjustment Board has jurisdiction over the dispute involved herein.

"The parties to said dispute were given due notice of hearing thereon.

"On August 23rd, 1931, the position of Assistant Station Master Union Terminal Company,—Dallas, Texas, a position excepted from the provisions of the agreement between the parties, was abolished. The position was held by John Lane. Lane entered the service of the carrier as Gateman on October 8th, 1916. He was appointed Assistant Station Master on July 31, 1917. With the abolition of the position of Assistant Station Master, the incumbent Lane was permitted by the carrier to assume the duties of the position of Gateman, thereby displacing E. (D.) W. Estes, Estes in turn displaced a junior in the service, who was A. Felton.

"There is no rule in the agreement between the parties which operated to preserve the seniority rights thereunder of John Lane while he occupied the position of Assistant Station Master, which position is excepted from the agreement herein referred to.

"Award

"(a) John Lane did not have seniority rights under the provisions of the agreement to displace E. (D.) W. Estes, Gateman.

"(b)—(c) The Carrier shall compensate E. (D.) W. Estes and A. Felton in an amount equal to the difference between what they have earned in any employment and that which they would have earned if not displaced, in the period from date that objection to Lane's appointment to position of Gateman was filed with the carrier, to date that he be removed therefrom in compliance with this award.

"(d) This award does not contemplate any payment to employees Estes and Felton, or either of them, covering any period of time that their seniority did not, under the terms of this award entitle them to any assignment."

" 'The several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them', and John Lane, an employee involved in the dispute had not been given notice of the hearing."

The District Judge overruled all of the pleas in abatement and to the jurisdiction of the court, except that of subdivision (b) of the 5th plea, that the failure to give notice to John Lane had rendered void the proceedings and award of the Board, and deprived the court of jurisdiction. He sustained that plea, and, plaintiffs declining to amend, dismissed their suit for want of jurisdiction.

Appellants insist that in doing so the District Judge misapprehended the nature and effect of the suit, and of the proceedings before the Board. They insist that the statute confers upon those in whose favor an award and order of the Board has run, not a qualified, but an absolute, right to sue in the appropriate federal court. Such right, they say, is not qualified or affected by regularity or want of it in the proceedings of the Board. It exists whenever, in such a proceeding, an award has been made and furnished to the parties to the dispute or controversy, an order directing the carrier to make the award effective has been entered by the Board, and that order, after the statutory time, remains uncomplied with. They insist that whether, as the carrier now contends, John Lane was an employee to whom the Adjustment Board was required by subdivision (j)[2] of the statute to give due notice of the hearing, or whether, as appellants contend, the employees referred to in the section are those who initiated, and are the parties to, the dispute, is wholly without bearing upon the jurisdiction of the court as a federal court, to hear the cause. They say further that it is beyond question that Lane was not a party to the dispute within the statute making the award effective against the parties; that the award which plaintiffs sue to enforce was entered in a two-party controversy, and after due notice of the hearing to, and active participation in it by, both parties to it; and that the complete juris-diction of the court to inquire into and adjudge its legal effect as between them, may not be doubted.

The statute under which plaintiffs sued gives an absolute right to sue in the District Court of the United States, for the appropriate district. It vests that court with complete jurisdiction of the cause. Whether, then, as claimed by defendant, the Board, in failing to give Lane formal notice of the hearing, failed as to Lane, to observe the procedural requirements of the statute, and whether that failure in any manner has diminished the force and effect of its award as to Lane, is not material here. This failure, if it is a failure, does not go to, it does not affect, the jurisdiction of the court as between the parties to the award, to inquire into and determine whether "the causes for which plaintiffs claim relief, and the order of the Division in their favor" set out in their petition, entitle them to that relief.

The amended Railway Labor Act of 1934, chapter 8, title 45, U.S.C.A. (section 151 et seq.), has for its general purpose to avoid any interruption to commerce, and to that end it is in aid of collective bargaining. Its design, purpose and result is to make such bargaining effective. It has no regard to, it does not concern itself with, disputes between employees as such. It looks to, it deals entirely with, disputes between carriers on the one hand, and their employees on the other. Normally, but not necessarily, the employees in these disputes are represented by the agent authorized in the collective agreement to act for the class or group covered by it. In a dispute before an adjustment board under the Act, the carrier stands on one side, and the employees who complain against it, appearing normally but not necessarily by their official representative, stand on the other. For the purpose of the statutory proceeding under inquiry here, the dispute arose when the Brotherhood, named as representative in the collective agreement, invoked that agreement and started proceedings against the carrier, upon the claim that in disregard of the agreement it had discriminated against Estes and Felton. To the dispute before the Board there were two, and only two, parties, the carrier and

---

[2] Section 153(j) of title 45, U.S.C.A. "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them."

the Brotherhood, the latter appearing as the accredited representative, under the agreement whose benefits were claimed, of the class or group to which Estes and Felton belonged.

Under the theory and purpose of the statute neither the employee favored, nor those disfavored, by the carrier, have individual legal rights which they can press against the carrier as rights personal to themselves, apart from the collective agreement under which they work. Their rights are those of the class covered by the agreement, arising to the class and to them as members of the class, by virtue of the agreement, and by virtue of it alone. West v. B. & O. R. Co., 103 W.Va. 417, 137 S.E. 654; Donovan v. Travers, 285 Mass. 167, 188 N.E. 705; Boucher v. Godfrey, 119 Conn. 622, 178 A. 655; Shaup v. Grand International Brotherhood of Locomotive Engineers, 223 Ala. 202, 135 So. 327; Burton v. O. W. R. & N. Co., 148 Or. 648, 38 P.(2d) 72; Kessell v. Great Northern Railway Co. (D.C.) 51 F.(2d) 304; Aulich v. Craigmyle, 248 Ky. 676, 59 S.W. (2d) 560; Florestano v. Northern Pacific R'y. Co. (Minn.) 269 N.W. 407; Yazoo & M. V. R. R. Co. v. Webb (C.C.A.) 64 F. (2d) 902.

Viewed as individuals, apart from the rights accorded by the collective agreement, Lane and Estes are employees at will, and neither they nor any of the employees except by virtue of and under the agreement, have rights either of tenure or of seniority. Within and subject to the agreement, any or all of them may be let out at the will of the carrier.

The statute, therefore, as to a dispute under working agreements of the kind in question here, contemplates that there will normally be only two parties to it, the carrier and the employee or employees who complain of the actions of the carrier, appearing by their group representative.

I think, therefore, that in this seniority dispute, arising under the terms of a collective agreement between the carrier on the one hand and the representative of the employees, named in the agreement, on the other, it is wholly incorrect to say that Lane was within the statute, an employee involved in the dispute to whom the Board must have given notice of hearings. The "employee involved" under this section of the statute is in short normally, and was here, not the one who stands with, but the one opposed to, the carrier. Subdivision (j) read as a whole, and in the light of the other provisions of the chapter of which it is a part, leaves in no doubt, I think, that "the employee or employees and the carrier or carriers involved," to whom notice of all hearings is required to be given, are the "parties" and only the parties, to the dispute. The Board, though not required to do so, if it had desired, might have given Lane notice. It might have made, or permitted him to make himself, a party. In that event, but only in that event, it must have given him notice.

Because Lane was not in the suit, and is not now before us, I think we should express no opinion upon the effect on Lane of the Board's award or order; nor upon whether, as seems to have been held in Nord v. Griffin (C.C.A.) 86 F.(2d) 481, Lane may proceed independently against the Board, the carrier or the plaintiffs here in respect of his claim of right to hold his position as gateman. Neither should we express any opinion on whether Lane has any rights upon which he can prevail in this suit. We have no doubt that Lane might have intervened in it; none that the court might have required him to be brought in as a party; none that he may still intervene or may still be brought in. Though Lane's claim of right was adverted to by the court, and incidentally made the basis of his ruling, his rights were not determined, they could not have been; they are not before us, we should express no opinion on them. We should hold merely that whatever rights Lane had or has to hold his position, and whatever its effect on these rights, the dispute before the Board, under the statute, did not require as a basis for jurisdiction of a suit upon the award, either that he be made a party to the dispute or be given formal notice of hearings.