## PRIEST v. CHICAGO, R. I. & P. R. R.
### No. 14297.

United States Court of Appeals
Eighth Circuit.

May 31, 1951.

T. J. Gentry, Little Rock, Ark. (J. K. Shamburger, Little Rock, Ark., on the brief), for appellant.

Robert S. Lindsey, Little Rock, Ark. (Wright, Harrison, Lindsey & Upton, Little Rock, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order dismissing the complaint of the plaintiff (appellant) for want of jurisdiction. The record consists of the complaint, the motion of the defendant (appellee) to dismiss, and the order granting the motion.

The plaintiff in his complaint alleges that he is a citizen of Arkansas and the defendant a citizen of Delaware; that the amount in controversy exceeds three thousand dollars; that he was employed by the defendant on October 29, 1923, as a laborer and worked first on a section gang and later in the defendant's roundhouse in Little Rock, Arkansas; that on or about January 14, 1942, he was promoted to Sheet Metal Worker Helper and was employed in that capacity until December 16, 1948, when he was wrongfully discharged by the defendant. He also alleges that, at the time of his discharge, there was in existence a contract concerning wages, hours and other conditions of employment between the defendant and System Federation No. 6, Railway Employees Department, A. F. of L., a labor union; that the contract was entered into on behalf of the plaintiff and other employees of the defendant similarly situated, and covered the seniority rights of such employees; that at the time of his discharge the plaintiff had greater seniority rights than anyone else in his classification and more than a named employee who was retained in service after the plaintiff was discharged. The plaintiff also alleges that he complied with all conditions precedent contained in the contract, and protested to the union and to the defendant about his discharge, without avail; that the union, the bargaining agent for the employees of the defendant in the same class as the plaintiff, has refused to investigate his complaint and will not do so because he is a member of another labor organization; that the union, in conjunction with the de-

fendant, has discriminated against the plaintiff "contra to law".

The plaintiff further alleges that because of his discharge on December 16, 1948, he was "rendered unemployed by the defendant from said date until the 15th day of September, 1949, a total of 227 working days," resulting in a loss of pay amounting to $2,179. He also alleges that on September 15, 1949, he secured employment with the defendant at El Reno, Oklahoma, where he worked until April 23, 1950, when he was recalled to Little Rock; that he continued to work at Little Rock until June 26, 1950, at which time the defendant's shop was closed; that while working at El Reno he was forced to expend $2.75 per day more for board and $16.00 more per week for lodging than he would have had to pay had he not been wrongfully discharged from his job in Little Rock, to his damage in the sum of $1,085.50. He further alleges that the Little Rock shops of the defendant reopened July 9, 1950, but that he was not recalled to work, although employees in his class, with less seniority, had been recalled "contra to said contract," to his damage in the sum of $171.02. The plaintiff's prayer for relief reads as follows: "Wherefore, premises considered, plaintiff prays judgment against the defendant in the sum of $3,435.72, for his reinstatement of his job of Sheet Metal Worker Helper with the defendant, that the defendant be restrained from discharging him for his failure to belong to a certain union or his membership in any union, or in any manner contra to said contract, for his costs herein expended and all other proper legal and equitable relief to which he may be entitled."

The defendant moved to dismiss the complaint for lack of jurisdiction, upon the following grounds: (1) The action involves primarily a dispute "between an employee * * * and a carrier * * * growing out of grievances or out of the interpretation or application of agreements concerning * * * rules" and the interpretation of the existing bargaining agreement, referred to in the complaint. (2) The Railway Labor Act, 45 U.S.C.A. § 151 et seq., is applicable, and the jurisdiction

of the National Railroad Adjustment Board over such a controversy as this is exclusive. (3) The plaintiff has already invoked the jurisdiction of the National Railroad Adjustment Board. (4) The plaintiff was furloughed on December 16, 1948, in accordance with his seniority and the rules applicable thereto; and on August 5, 1950, on the basis of his seniority, was returned to service and is now employed as a Sheet Metal Worker Helper. (5) The collective bargaining agreement referred to in the complaint provides for the handling of grievances and that, if there is a failure to agree, "the case shall then be handled in accordance with the Railway Labor Act."

The defendant attached to its motion a "Notice Of Intention To File An Ex parte Submission With the Second Division Of The National Railroad Adjustment Board." This notice was signed by counsel for the plaintiff on August 14, 1950, and relates to this same controversy.

The collective bargaining agreement referred to in the complaint is not in the record. The parties do not agree as to the nature of this action. The plaintiff, in effect, asserts that it is a common law action to recover damages for wrongful discharge, in violation of a collective-bargaining agreement, of which action the District Court has jurisdiction. Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. The defendant, on the other hand, asserts that the action involves merely a controversy with respect to the proper interpretation of the collective-bargaining agreement between the defendant and the certified bargaining agent of the plaintiff and others of the plaintiff's class, and that the jurisdiction of the National Railroad Adjustment Board over such a controversy is exclusive. Slocum v. Delaware, Lackawanna & Western R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L. Ed. 795.

■ We think that it is not possible to resolve the question of the District Court's jurisdiction upon the record before us. We are required to view the case pleaded, in the aspect most favorable to the plaintiff and most unfavorable to the defendant. Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 316; Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 8 Cir., 108 F.2d 302, 304, 306. Since the claim stated in the complaint is susceptible to the interpretation given it by the plaintiff, we cannot say that it is apparent to a legal certainty that the District Court was without jurisdiction. See and compare, Sparks v. England, 8 Cir., 113 F.2d 579, 582.

■ The Supreme Court has ruled that a discharged railroad employee may bring an action for damages upon a claim that he was wrongfully discharged, without first seeking the adjustment of his controversy through the National Railroad Adjustment Board. Moore v. Illinois Central Railroad Co., supra, 312 U.S. 630, 634–636, 61 S.Ct. 754, 85 L.Ed. 1089. In that case, the Court said, 312 U.S. at page 634, 61 S.Ct. at page 756, 85 L.Ed. 1089: "* * * But we find nothing in that [Railway Labor] Act which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court." See, also, Slocum v. Delaware, Lackawanna & Western R. Co., supra, pages 244–245 of 339 U.S., pages 579, 580 of 70 S.Ct.

It seems probable that when this case is tried the evidence will show that the plaintiff was never discharged, but was, as the defendant asserts, merely laid off or furloughed, due to a reduction of force, and that the controversy involves only the interpretation and application of the collective-bargaining agreement referred to in the complaint. It may also develop that the amount actually in controversy is insufficient to confer jurisdiction upon the District Court. See Sparks v. England, supra, page 582 of 113 F.2d.

■ It is our opinion, however, that the District Court should not have attempted to decide the question of its jurisdiction from the allegations of the complaint and of the motion to dismiss, but should have taken evidence to show the exact factual basis for the plaintiff's claim before ruling upon the question of jurisdiction.

The order appealed from is reversed.