**OSWALD v. CHICAGO, B. & Q. R. CO.**

**No. 14633.**

United States Court of Appeals
Eighth Circuit.

Dec. 31, 1952.

Francis M. Casey, Plattsmouth, Neb., for appellant.

J. C. Pryor, Burlington, Iowa (John Hale and Clark, Pryor, Hale, Plock & Riley, Burlington, Iowa, on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order denying a motion of the plaintiff (appellant) to amend his amended complaint, and granting a motion of the defendant (appellee) to dismiss that complaint and consequently the plaintiff's action.

The plaintiff in his original complaint, filed January 9, 1952, alleged that the defendant is a common carrier in interstate commerce within the meaning of the Railway Labor Act, as amended, Title 45 U.S.C.A. § 151 et seq.; that since May 12, 1922, the plaintiff had been employed by the defendant as a carpenters' helper; that on October 31, 1949, he was laid off because of lack of work; that he then had two weeks vacation pay due him, which the defendant has refused to remit; that he has at all times been ready to return to work, but that the defendant has refused to re-employ him at his proper status, and has employed men with less seniority, contrary to the plaintiff's employment contract and the rules of the defendant relating to seniority; that demands were made on the defendant that plaintiff be restored to his former position and be given credit for his seniority and for the time he was wrongfully replaced by men of less seniority; that on February 5, 1950, he was informed that he had lost his seniority rights; that no reason was given for this action by defendant; that no charges were placed against him and he was afforded no hearing. He prayed for a judgment against the defendant for loss of wages and vacation pay, and ordering the defendant to reinstate him and to restore his seniority rights, and for other relief.

The defendant on January 30, 1952, moved to dismiss the plaintiff's original complaint, mainly upon the ground that the only basis for jurisdiction asserted was the Railway Labor Act; that the complaint did not show that the plaintiff had pursued the remedies afforded by Section 153 of Title 45 U.S.C.A; that the claim as-

serted involved an interpretation of an alleged agreement between the defendant and certain of its employees; and that the National Railroad Adjustment Board had exclusive jurisdiction to make such interpretations.

The plaintiff on March 3, 1952, filed an amended complaint in which he based jurisdiction not only upon the Railway Labor Act, but also on diversity of citizenship and amount in controversy. In other respects the amended complaint did not differ substantially, either in its allegations or its prayer for relief, from the original complaint.

The defendant on March 10, 1952, moved to dismiss the amended complaint upon the grounds stated in its motion to dismiss the original complaint, adding: "That the plaintiff's amended complaint does not present a case which would warrant granting the plaintiff the relief demanded."

On April 7, 1952, the plaintiff moved the District Court for an order allowing him to amend his complaint to state a cause of action for damages only. The following day the defendant filed a resistance to this motion, reciting that it had already moved to dismiss the original complaint and the amended complaint in the action and that no ruling had been made upon its motions to dismiss. The defendant stated in its resistance: "As stated in the decisions of the courts, from which the defendant has quoted in its trial brief, it is the purpose of the courts to encourage the use of the procedures set out under the Railway Labor Act for determination of such questions as have been raised in this case."

In his proposed second amended complaint the plaintiff alleged diversity of citizenship; that more than three thousand dollars was in controversy; that he had been wrongfully discharged by the defendant on or about January 4, 1952, in violation of his contract of employment; and that since January 5, 1952, he had not been in the service of the defendant. The plaintiff also alleged that he had been damaged in the following particulars: "(a) Loss of seniority rights; (b) Loss of

his means of livelihood; (c) Loss of Pension rights; (d) Loss of Insurance benefits; (e) Loss of disability benefits; (f) Loss of vacation rights;" and that, because of his age, he was "unable to ever accumulate such emoluments as he had acquired with the defendant, all to his damage in the sum of $75,000.00." The prayer of his proposed amended complaint was for judgment in that amount.

In ruling upon the plaintiff's motion to amend his amended complaint and the defendant's motion to dismiss the amended complaint, the District Court stated that some of the items of damages which the plaintiff claimed in his proposed second amended complaint are "of the very substance which the Adjustment Board was created by the Congress to consider and decide." The court further said:

"That the right of a workman to sue a railroad company for wrongful discharge is not dependent upon prior exhaustion of his administrative remedies under the Railway Labor Act is recognized and accepted by this court. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

"However, the nature of plaintiff's claim as stated in his original complaint, his first amended complaint, and now in the second amended complaint just tendered discloses plaintiff's intention to try to bring himself within the jurisdiction of this court by stating a claim for damages, and to have the court by the consideration of the elements of damage, consider and determine the very questions for the consideration and determination of which it is apparent from the Act itself and the decisions of the United States Supreme Court interpreting it, the National Railway Adjustment Board was created."

This was the sole basis for the order denying the plaintiff leave to file his proposed second amended complaint, and dismissing his action.

The fact that in a common-law action to recover damages for the breach of a contract of employment by a wrong-

ful discharge, a plaintiff asks judgment for items of damage to which he may not be entitled does not mean that the court is without jurisdiction to award him any damages at all. He can recover such damages, and only such damages, as the law allows. The question of the proper measure of damages is an issue of law to be determined from evidence. See Sparks v. England, 8 Cir., 113 F.2d 579, 582.

The ruling of the District Court in this case, we think, is contrary to the ruling of the Supreme Court in Moore v. Illinois Central Railroad Co., 312 U.S. 630, 634–636, 61 S.Ct. 754, 85 L.Ed. 1089, contrary to what the Supreme Court said of the Moore case in Slocum v. Delaware, L. & W. Railroad Co., 339 U.S. 239, 244, 70 S.Ct. 577, 94 L.Ed. 795, and contrary to the rulings of this Court in Priest v. Chicago, R. I. & P. Railroad Co., 8 Cir., 189 F.2d 813, and in Koppal v. Transcontinental & Western Air, Inc., 8 Cir., 199 F.2d 117, 123, 124, 125–126. The cases cited hold that a railroad employee claiming to have been wrongfully discharged may maintain an action for damages for the alleged breach of his contract of employment, regardless of the Railway Labor Act.

The order appealed from is vacated and the case is remanded for further proceedings not inconsistent with this opinion.