**Virginia S. SMITHEY, Appellant,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Appellee.**

**No. 15386.**

United States Court of Appeals
Eighth Circuit.

Oct. 23, 1956.

Gerland P. Patten, Little Rock, Ark., for appellant.

Ned Stewart, Texarkana, Ark., for appellee.

Before STONE, JOHNSEN and VOGEL, Circuit Judges.

JOHNSEN, Circuit Judge.

This is a diversity suit to recover damages under state law for wrongful discharge. The trial court dismissed the action, without a trial, and the plaintiff has appealed. We must, as a matter of Arkansas law, affirm the judgment.

The basis for the court's dismissal was that the employment relation involved was concededly one that was terminable at will on the part of the plaintiff; that under Arkansas law it therefore also constituted one that was terminable at the will of the defendant; and that in this situation the Arkansas decisions recognized no right in an employee to recover damages for a discharge.

Plaintiff was employed by the St. Louis Southwestern Railway Company as a telegrapher, at its offices in Pine Bluff, Arkansas. She worked approximately a year, when she was fired for allegedly failing to cover a relay assignment, which she had been instructed to protect.

There was in effect at the time, and previously, a labor agreement, made between the railroad and a union (the Order of Railroad Telegraphers, which was the collective bargaining agent for the telegraphers on the system) that obligated the railroad, on request within a certain time, to accord any telegrapher employee who might be disciplined "a fair and impartial hearing" before a named official of the railroad, with the privilege of appeal successively to other designated higher officials, and with a right to reinstatement and back-pay, "if the final decision decrees that charges against the employee were not sustained".

This provision, in conjunction with Sec. 3(i) of the Railway Labor Act, 45 U.S.C.A. § 153(i), gave rise to a federal administrative right and remedy in favor of an employee for a discharge made in violation of the terms of the labor agreement, because of the status accorded by the Act to such an agreement, for federal purposes, in the transportation field. See Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L. Ed. 1089. But the Act did not make this status the subject of a federal right to recover damages for discharges violative of the agreement. The right of a railroad employee to damages for a discharge, whether related to a labor agreement or otherwise, is a matter that has been left entirely to state contractual concept and remedy. Damages for discharges violative of a collective bargaining agreement under the Act can be recovered only "if the state courts recognize such a claim." Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 661, 73 S.Ct. 906, 910, 97 L.Ed. 1325. In other words, a railroad employee cannot claim damages for any discharge, except as the discharge constitutes an actionable one under the law of the applicable state.

Arkansas law appears to treat a labor agreement, in its provisions as to discharge, as impliedly becoming a part of each individual contract of hire. But no right to recover damages for alleged

wrongful discharge is recognized in favor of any employee whose personal contract, in its whole, leaves him free to terminate the employment relation at his will. The Supreme Court of Arkansas has held that any qualifications or limitations attempted to be imposed upon the employer's right to discharge in such a situation are without legal actionability for breach, because of a lack of mutuality in respect to this phase of the employment relationship.

The Court so held in the early case of St. Louis, I. M. & S. Ry. Co. v. Matthews, 1897, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467, and it reconsidered and adhered to that view, 46 years later, in Petty v. Missouri & Arkansas Ry Co., 1943, 205 Ark. 990, 167 S.W.2d 895, certiorari denied 320 U.S. 738, 64 S.Ct. 37, 88 L.Ed. 437, rehearing denied 320 U.S. 812, 64 S.Ct. 188, 88 L.Ed. 491. There are no later Arkansas decisions departing from the holding of these cases, both of which, the same as the present situation, involved attempts by railroad employees to recover damages for breach of qualifications or limitations on the railroad's right to discharge, having their source in a collective bargaining agreement and so becoming a part of an employee's individual contract of hire.

It further may be observed that, in addition to it being the considered judgment of District Judge Trimble in the present case that the holding in the Matthews and Petty cases still constitutes the Arkansas law, it appears to be the considered judgment of District Judge Lemley also that such is the fact, as indicated by his expression in Roberts v. Thompson, D.C.Ark.1952, 107 F. Supp. 775, 776, where it is said: "Under Arkansas law a railroad employee discharged in violation of a collective bargaining agreement between the railroad and a labor union cannot maintain an action for damages for such discharge because the contract is unilateral and lacking in mutuality, since the employee does not bind himself to work for the railroad for any specified period of time and is at liberty to cease work at will."

Plaintiff attempts to argue that the Arkansas Supreme Court has, in a subsequent case, Sheet Metal Workers International Ass'n, etc. v. E. W. Daniels Plumbing & Heating Co., 1954, 223 Ark. 48, 264 S.W.2d 597, reached a result which is not consistent with the rule of the Matthews and Petty cases and which should be construed as amounting to a departure from the holding of those cases. Our reading of the opinion in the Daniels case enables us to see no basis for this argument.

The Daniels case was not a suit by an employee for damages for discharge, but one by an employer to enjoin a union from picketing his plant. The employer claimed, and the Court so held, that the picketing was unlawful, because it was being done for the improper purpose of forcing him to break a collective bargaining agreement, of unexpired term and otherwise in effect between him and the union, as a means of making it possible for the union to obtain a different contract.

The brief of the union in that case (which we have examined) made the contention that the agreement was not binding upon the employer, because it was not signed by him but only by the trade association of which he and other plumbing contractors were general members; that since there was no provision in the agreement giving the union the right "to seek redress against the members" for any violation, the agreement was void as to any of them individually for want of mutuality; and that on this basis the picketing of the plant of the particular employer would not be for an unlawful purpose and so could not be enjoined.

The Court rejected this contention on all its aspects, holding that the agreement was as much binding upon the employer involved as if it had been signed by him, since the trade association in making the agreement had been acting as authorized agent for all of its members, and that there thus was no want of mutuality as between the employer and the union in relation to the agreement generally, such as was claimed. The question of mutual-

ity resolved in the Daniels case can hardly be said to be akin to or contain any implication upon that resolved in the Matthews and Petty cases. The questions of mutuality determined are distinct and without any relationship to each other, as the lack of any reference to the Matthews and Petty cases in the Daniels opinion clearly attests in the circumstances.

 The final argument of plaintiff is that the court was not entitled to dismiss the suit by making a summary application of Arkansas law to her employment situation but should have granted her a jury trial on whether the parties intended Texas law or Arkansas law to be applicable to her employment relation. Texas law, it is said, takes a different view than that of Arkansas on the question of mutuality as related to qualifications or limitations imposed by a collective bargaining agreement upon an employer's right to discharge. The basis of plaintiff's argument is that the collective bargaining agreement was executed in Texas; that it was intended to have application to all the telegraphers employed by the railroad on its system; that the State of Texas was included in the system; and that plaintiff would have had the right to transfer there, if a telegrapher's job became open and she was possessed of sufficient seniority to be able to claim the position.

The trial court, however, felt that these considerations would not be capable legally of giving rise to any possible question of factual intention, on whether plaintiff's employment was to be one under Texas or Arkansas law, as against the compelling legal effect under Arkansas law of the elements that plaintiff's contract of employment was entered into in Arkansas; that she was hired to fill a job in that State; that all of the work which she did was performed there; and that Arkansas law, for purposes of the right to recover damages for any discharge made, treats the provisions of a collective bargaining agreement relating to discharge as becoming a part of the individual contract of hire and as being subject to actionability only on the basis of the specific contract in its whole.

Plaintiff has not demonstrated as a matter of Arkansas law that the court was not warranted legally in so regarding the situation, and in the light of the Matthews and Petty cases there is no basis for us to say that the holding is clearly erroneous.

 It has been stressed to us, for purposes of our consideration, that the rule of the Matthews and Petty cases is a minority legal view. But that is not a proper matter for our concern. "The responsibility of the federal courts, in matters of local law, is not to formulate the legal mind of the state, but merely to ascertain and apply it." Yoder v. Nu-Enamel Corporation, 8 Cir., 117 F.2d 488, 489.

Affirmed.