Guy ROSE, Plaintiff,

v.

GREAT NORTHERN RAILWAY COM-PANY, Defendant,

and

International Brotherhood of Firemen and Oilers, Helpers, Roundhouse and Railway Shop Laborers, Intervening Defendant.

Civ. 3163.

United States District Court
D. North Dakota
Northeastern Division.

June 10, 1957.

Day, Stokes, Vaaler & Gillig, Grand Forks, N. D., for plaintiff.

Nilles, Oehlert & Nilles, Fargo, N. D., for defendant.

Hallan Huffman, St. Paul, Minn., for defendant.

Mulholland, Robie & Hickey, Toledo, Ohio, for intervening defendant.

Shaft, Benson & Shaft, Grand Forks, N. D., for intervening defendant.

DAVIES, District Judge.

This is an action by a railroad boilermaker helper to recover damages for wrongful discharge and loss of seniority as a roundhouse laborer.

Plaintiff was employed at defendant's Grand Forks roundhouse on September 10, 1928, and was listed on the seniority roster as a laborer. On June 4, 1934, plaintiff became a boilermaker helper and was listed on the seniority roster for that position also. During 1934, 1935, and 1936, in accordance with the collective bargaining agreement then in force, plaintiff retained seniority dates for both positions with the resultant right to reemployment in available work as laborer in the event of layoff as boilermaker helper. But in 1937 the names of the plaintiff and some other helpers were no longer listed on the laborers' roster. They complained to the roundhouse foreman who assured them that their seniority rights as laborers were not thereby impaired and that they could assert these rights at any time.

So long as defendant continued to use steam locomotives, their rights as laborers had little practical utility, but as steam engines were gradually superseded by Diesels the number of jobs for boilermaker helpers was greatly reduced. Plaintiff, because of ensuing irregular employment as a boilermaker helper, tried on March 3, 1954, to exercise rights as a laborer but was denied these rights by defendant.

Plaintiff filed his Complaint on September 3, 1955, claiming to have been damaged by loss of laborer income, seniority rights and pension benefits in the sum of $30,000. In its Answer the defendant railway company contended that plaintiff had made no protest within 60 days after the seniority roster for laborers was posted in 1937, as required by the collective bargaining agreement, and that the controversy was within the exclusive jurisdiction of the National Railroad Adjustment Board established under Section 3 of the Railway Labor Act, 45 U.S.C.A. § 153.

Pursuant to stipulation, the International Brotherhood of Firemen and Oilers, Helpers, Roundhouse and Railway Shop Laborers, was granted leave on March 12, 1956, to become a party as intervening defendant. In its Answer this defendant contended that the court lacked jurisdiction because the Railway Labor Act gave exclusive jurisdiction to the National Railroad Adjustment Board, that the plaintiff failed to ex-

haust administrative remedies, that the plaintiff had not been on the laborers' seniority roster at any time since this defendant became bargaining representative for the laborers on November 15, 1938, and that plaintiff had inexcusably delayed for some 15 years to protest the omission of his name from the laborers' roster and was thus barred by waiver, laches and limitations.

At a hearing on January 31, 1957, the Court dismissed the action for lack of jurisdiction under Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S. C.A. On February 6, 1957, plaintiff filed a Petition for Rehearing pursuant to Rule 59(a) (2), on the ground that the Court has jurisdiction of an action to recover damages for wrongful discharge from employment; and plaintiff submitted a proposed Amended Complaint specifically alleging wrongful discharge damaging the plaintiff by loss of seniority rights, employment, and benefits of pension, insurance and vacation. On February 7, 1957, the Court ordered the matter submitted for determination upon written statements of counsel agreeable to Rule 78.

The question here presented is whether a railroad employee who has established seniority in two distinct crafts can maintain an action against the railroad for wrongful discharge based upon the loss of seniority in one craft while retaining seniority and employment in the other.

■■■ Plaintiff is not seeking performance of a contractual right to re-employment as a laborer, but damages for the loss of that right. Under the Railway Labor Act beyond doubt the National Railway Adjustment Board has exclusive jurisdiction of an action for reinstatement as an employee in a craft, because it would involve interpretation and enforcement of the collective bar-

gaining agreement and would affect other employees directly. Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed: 795. However, the Court does have jurisdiction where the action is by an employee against the railroad to recover damages for wrongful discharge in breach of his contract of employment on the theory that apart from the Act it is a valid claim under state law.[1] In some states a prerequisite to court jurisdiction would exist where by state law it is prescribed that administrative remedies under the collective bargaining agreement be exhausted first. Transcontinental & Western Air v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325. But under North Dakota law the exhaustion of administrative remedies is not a prerequisite to court action. Seher v. Woodlawn School Dist. No. 26 of Kidder County, 1953, 79 N.D. 818, 59 N.W.2d 805; N.D.Rev.Code (1943), Sec. 9–0805.

■■■ An action based upon a claim of wrongful interference with seniority rights is within the court's jurisdiction. Steadman v. Atlantic Coast Line R. Co., 4 Cir., 1943, 138 F.2d 691; McGee v. St. Joseph Belt R. Co., 1936, 233 Mo.App. 111, 93 S.W.2d 1111; Rentschler v. Missouri Pac. R. Co., 1934, 126 Neb. 493, 253 N.W. 694, 95 A.L.R. 1. Seniority rights established pursuant to a collective bargaining agreement are a valuable property which the court has power to protect from unprivileged interference. Nord v. Griffin, 7 Cir., 1936, 86 F.2d 481; Primakow v. Railway Exp. Agency, D.C. Wis.1944, 56 F.Supp. 413. While the argument can be made that an action for wrongful interference with seniority rights is distinguishable from an action for wrongful discharge (especially where the employee is still employed in another craft), it is a distinction without a difference.[2] The action is to remedy the vi-

---

1. Moore v. Illinois Cent. R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. On wrongful discharge generally, see Restatement, Agency (1933), Secs. 450 and 455.

2. Cf. Ward v. Kurn, 1939, 234 Mo.App.

241, 132 S.W.2d 245 (refusal to re-employ according to seniority is a wrongful discharge); Oswald v. Chicago, B. & Q. R. Co., 8 Cir., 1952, 200 F.2d 549 (for such refusal employee can maintain wrongful discharge action).

olation of rights having both economic and legal reality, rights which the employee depends upon for his means of livelihood. It would appear to be erroneous to assert that the employee cannot claim wrongful discharge simply because he retains employment in one of the two crafts in which he established concurrent seniority rights. The unprivileged abrogation of rights in the one is a wrongful discharge as to that craft.[3]

 In the instant case, despite an existing employer-employee relationship between the defendant railroad and plaintiff in regard to the position of boilermaker helper, plaintiff can maintain an action for wrongful discharge as a laborer. The action, as more particularly alleged in the proposed Amended Complaint of plaintiff, is based upon the claim of discharge as a laborer, which is within the jurisdiction of the court and not within the exclusive jurisdiction of the National Railroad Adjustment Board. While the evidence introduced upon trial might not substantiate plaintiff's claim or might show it to be defeated by defenses such as waiver and laches, the action cannot properly be determined as a matter of law upon the pleadings. Priest v. Chicago, R. I. & P. R. R., 8 Cir., 1951, 189 F.2d 813. In the alternative remedy before the administrative board, if plaintiff should prevail he would displace other employees in the laborer craft; but this court action will not affect the rights of any laborer even if the plaintiff should recover damages.

For the reasons assigned, this Court's Order of January 31, 1957, dismissing the action for lack of jurisdiction will be vacated and set aside.

Plaintiff will be permitted to file his Amended Complaint, and defendant and intervening defendant shall plead in response to said Amended Complaint within 30 days of the date hereof.

Attorneys for plaintiff will prepare the necessary Order in conformance herewith and transmit it through the Clerk of this Court with the least practicable delay.

It is so ordered.

---

3. Cf. Foor v. Torrington Co., 7 Cir., 1948, 170 F.2d 487 (demotion is the equivalent of discharge); see Florestano v. Northern Pac. R. Co., 1936, 198 Minn. 203, 269 N.W. 407 (where the court stated that if under a collective bargaining agreement an employee, successively working in the two distinct crafts of boilermaker helper and boilerwasher helper, had retained his original seniority rights, it would be a breach of the employment contract for the railroad to repudiate those rights).