**E. H. SJAASTAD, Plaintiff,**

v.

**GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. No. 3146.**

United States District Court
D. North Dakota,
Northwestern Division.
Oct. 11, 1957.

Harris P. Kenner and C. A. Waldron (of Waldron & Kenner), Minot, N. D., for plaintiff.

H. G. Nilles (of Nilles, Oehlert & Nilles), Fargo, N. D., and Hallan Huffman, Legal Department, G. N. R. Co., St. Paul, Minn., for defendant.

REGISTER, Chief Judge.

This is an action brought by plaintiff, a former employee of the defendant, based on an alleged wrongful discharge of the plaintiff by defendant in violation of the governing collective bargaining agreement. Plaintiff, in his original complaint, demands judgment in the alternative for either (1) reinstatement in employment with defendant and for back pay from May 5, 1953, or (2) damages in the amount of $28,300 for such unlawful discharge.

The case first came before this Court on defendant's motion for summary judgment. During oral argument on such motion in open court, plaintiff expressed a desire and intent to amend his complaint limiting his action to one for money damages for alleged wrongful discharge; since such argument, plaintiff has filed his Motion for Leave to File Amended Complaint, to which motion is attached a copy of his proposed Amended Complaint. Such proposed Amended Complaint is in accordance with the expressed intent of counsel aforesaid.

Both motions are now before the Court—defendant's motion for summary judgment, and plaintiff's motion for leave to file said amended complaint. The former motion has been reargued in open court, and the Court has also heard oral argument as to the latter; briefs covering the same have been duly submitted by respective counsel.

Plaintiff is a citizen of the state of North Dakota; defendant is a foreign corporation, and the amount in controversy exceeds $3,000.

Plaintiff, at the times here involved, was a member of the Order of Railroad Telegraphers, an unincorporated association and a labor organization national in scope, duly certified under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., as statutory collective bargaining representative of plaintiff and of the craft or class of defendant's employees to which plaintiff belonged. For many years prior to May 5, 1953, plaintiff had been an employee of defendant in various capacities, and at the time of discharge was and had been for some time prior thereto employed by defendant as a ticket clerk and telegrapher in its passenger station at Minot, North Dakota.

The employment, working conditions and compensation of plaintiff, and of the craft or class of defendant's employees, which includes ticket clerks and telegraphers, at the times mentioned, were and are governed by a collective bargaining agreement effective September 1, 1949, designated as "Schedule No. 9 for The Order of Railroad Telegraphers", theretofore entered into between defendant and the Order of Railroad Telegraphers, which said collective bargaining agreement designated as "Schedule No. 9 for The Order of Railroad Telegraphers", inter alia, contains the following provisions:

"Rule 4. *Investigation and Discipline.*

"(a) Employees charged with offenses involving discipline, suspension or discharge will be promptly advised in writing the specific nature of such offense and no employee will be disciplined, suspended or discharged without a fair and impartial investigation of such charge within ten days of date of advice of such

charge, but this shall not prevent immediate suspension pending investigation in aggravated cases.

"If decision results in suspension from service, it shall become effective as promptly as relief can be furnished, but in no case more than five calendar days after notice of such decision to the employee. If not effective within five calendar days, or if employee is called back to service prior to completion of suspension period, any unserved portion of the suspension period shall be cancelled.

"(b) *Decision and Appeal.* A decision will be rendered within fifteen days after completion of hearing. If an appeal is taken, it must be filed with the next higher official and a copy furnished the official whose decision is appealed within fifteen days after date of decision. The hearing and decision on the appeal shall be governed by the time limits of the preceding section.

"(c) *Representation.* At the hearing, or on the appeal, the employees may be assisted by one or more duly accredited representatives of the Order of Railroad Telegraphers.

"(d) *Appeals.* The right of appeal by employees or representatives, in regular order of succession and in the manner prescribed up to and inclusive of the highest official designated by the railroad to whom appeals may be made is hereby established."

On April 24, 1953, written notice charging the plaintiff with certain offenses involving discipline was served by defendant upon plaintiff; the notice informed plaintiff that a hearing would be held at four o'clock P.M. on that day to investigate the charges made. Such investigation and hearing was held by the defendant at the time and place specified in the notice; on that day, that is, April 24, 1953, plaintiff was on duty in performance of his employment with defendant until four o'clock P.M. and

therefore did not appear at such meeting, or request continuance or postponement thereof. By written notice dated May 4, 1953, defendant advised plaintiff that following such investigation and hearing he was discharged from defendant's service. On May 9, 1953, plaintiff appealed from the decision of the superintendent discharging plaintiff from employment, to the general manager (the next higher official designated for hearing the appeal), which appeal was made within the required time under the agreement. Further steps were taken in accordance with the collective bargaining agreement, but were not pursued to their finality and the dispute or controversy concerning plaintiff's discharge was never referred by petition to the appropriate division of the National Railroad Adjustment Board.

Defendant, as basis for its motion for summary judgment herein, contends that this Court lacks jurisdiction of the subject matter. Specifically, the defendant contends that:

1. In cases involving grievances under collective bargaining agreements or involving the interpretation or application of such agreements, the National Railroad Adjustment Board has exclusive primary jurisdiction, and the United States District Courts have no jurisdiction until the services of the Board have been invoked; and,

2. Where an employee has elected to take advantage of the administrative procedures set out in the applicable collective bargaining agreement and has failed to timely pursue such remedies to finality, he is thereby debarred from maintaining a common law action for damages for breach of contract.

Both plaintiff and defendant are subject to the provisions of the Railway Labor Act. Said Act (45 U.S.C.A. § 153) provides as follows:

"First. * * * (i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates.

of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes."

■ This Court is without jurisdiction to order the defendant to reinstate plaintiff and to award back wages because of his alleged wrongful discharge. The jurisdiction of the National Railroad Adjustment Board is exclusive as to that. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Railway Conductors of America v. Southern Ry. Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811; Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S. Ct. 322, 90 L.Ed. 318. Therefore this Court does not have jurisdiction over a part of the subject matter of the complaint herein.

■ However, this Court does have jurisdiction of an action for damages for breach of a collective bargaining agreement where the plaintiff is wrongfully discharged. Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Slocum v. Delaware, L. & W. R. Co., supra; Kendall v. Pennsylvania R. Co., D.C., 94 F.Supp. 875; Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; Oswald v. Chicago, B. & Q. R. Co., 8 Cir., 200 F.2d 549.

The right of a discharged employee to sue a railroad company for wrongful discharge is not dependent upon prior exhaustion of his administrative remedies under the Railway Labor Act.

■ Moore v. Illinois Central R. Co., supra. "There is no doubt that under

the authority of the Moore case plaintiff on his alleged wrongful discharge by appellant had an option of pursuing his remedy under the Railway Labor Act or of bringing suit as at common law in an action for damages for wrongful discharge." Broady v. Illinois Cent. R. Co., 7 Cir., 191 F.2d 73, 78, certiorari denied 342 U.S. 897, 72 S.Ct. 231, 96 L.Ed. 672.

■ Under the laws of some states the discharged employee is required to show exhaustion of administrative remedies under his employment contract in order to sustain his cause of action in a court of law. Such applicable laws are recognized by the United States courts. Peoples v. Southern Pacific Company, 9 Cir., 232 F.2d 707, Id., D.C., 139 F.Supp. 783; Ringle v. Transcontinental & Western Air, Inc., D.C., 113 F.Supp. 897; Barker v. Southern Pac. Co., 9 Cir., 214 F.2d 918; Transcontinental & Western Air, Inc., v. Koppal, supra. However, that there is nothing in the Railway Labor Act which makes an administrative finding a prerequisite to filing such a suit, or requires a showing of prior exhaustion of his administrative remedies as a condition therefor, has been specifically established by the Moore, Slocum, Koppal and Oswald cases hereinbefore cited.

■ "A discharged employee of a carrier subject to Railway Labor Act may maintain state-recognized cause of action for wrongful discharge without showing prior exhaustion of administrative remedies if applicable state law permits recovery without such showing. Railway Labor Act § 3, subd. 1(i), 45 U.S.C.A. § 153, subd. 1(i)." Walters v. Chicago & North Western Railway Co., 7 Cir., 216 F.2d 332. (Headnote 3.)

■ Defendant has cited Chapter 34–10, NDRC (1953 Supplement), and particularly the provisions of Sec. 34–1001 thereof (which Section is entitled "Declaration of Public Policy") as being the existing legislation in North Dakota with reference to this matter, and concludes (Defendant's Brief, Page 19): "Under the declared public policy of the

State of North Dakota, the plaintiff is obligated and required to pursue the processes and machinery specified in this North Dakota contract now before the Court." The Court does not agree with such conclusion. The Chapter referred to is entitled "Settlement of Labor Disputes". In the opinion of the Court a reading of this Chapter clearly indicates that it does not purport or intend to apply to a cause of action for money damages based upon an alleged wrongful discharge from employment. In this connection Sec. 9–0805 NDRC is of interest and is quoted as follows:

"*Restricting Enforcement of Rights Void.* Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals or which limits the time within which he thus may enforce his rights is void, except as otherwise specifically permitted by the laws of this state."

" * * * under North Dakota law the exhaustion of administrative remedies is not a prerequisite to court action." Rose v. Great Northern Railway Company, D.C., 151 F.Supp. 806, 808.

A cause of action for damages for alleged wrongful discharge is recognized in this state. McLean v. News Publishing Company, 21 N.D. 89, 129 N.W. 93; Seher v. Woodlawn School District No. 26 of Kidder County, 79 N.D. 818, 59 N.W.2d 805.

■ The employment contract here involved is not one that was terminable at the will of the defendant. Section 34–0305, NDRC 1943, provides that:

"Every employment may be terminated at any time by the employer in case of any willful breach of duty by the employee in the course of his employment, in case of his habitual neglect of his duty, or in case of the employee's continued incapacity to perform his duty."

■ "The right of a railroad employee to damages for a discharge, whether related to a labor agreement or otherwise, is a matter that has been left entirely to state contractual concept and remedy. Damages for discharges violative of a collective bargaining agreement under the Act can be recovered only 'if the state courts recognize such a claim.' " Smithey v. St. Louis Southwestern Railway Company, 8 Cir., 237 F.2d 637, 638.

■ Defendant also contends that, as plaintiff proceeded to exercise his administrative remedies, and has not timely pursued them to finality, he is debarred from maintaining this action. The Court does not believe this position to be tenable.

By timely proceeding to exercise such administrative remedies plaintiff protected himself insofar as his claim for back pay, demand for reinstatement, etc., are concerned (matters exclusively within the jurisdiction of the Board). However, plaintiff has accepted his discharge as final, and this action in effect is one in which the issue is confined to the requirement that, in the judgment, the defendant pay or not pay to plaintiff (being a *former* employee) a specific sum of money. This is a remedy that may be afforded only by suit.

"A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees." Slocum v. Delaware, L. & W. R. Co., supra [339 U.S. 239, 70 S.Ct. 580].

"In any event we hold the view that where the objective of a discharged employee is the continuance or resumption of relations with his employer—that is, reinstatement with or without back pay —he must pursue his contract remedies and that provided by the Adjustment Board before any relief can be sought in the courts. * * * But where the employee, as here, accepts the termination of the employment status and charges that he was wronged thereby, not only is no adequate remedy for future damage provided by the contract or by the Railway Labor Act, but such remedy

does not appear to have been contemplated by either of them. \* \* \*" Jorgensen v. Pennsylvania Railroad Company, 1955, 38 N.J.Super. 317, 118 A.2d 854, 866.

It would therefore appear that plaintiff's action in exercising his rights to proceed under the applicable collective bargaining agreement, but failing to pursue them to finality, has no legal significance insofar as this action is concerned, and that plaintiff has neither waived nor relinquished his state-recognized right to sue for money damages for alleged wrongful discharge nor is he thereby debarred from so doing.

Defendant's motion for summary judgment will be denied. Plaintiff's motion for leave to file amended complaint will be granted, and defendant shall have twenty days from date of the Order, filed pursuant hereto, within which to plead to such amended complaint.

It will be so ordered.