Joseph L. BENNETT and Arnold Brown, Plaintiffs,

v.

PROGRESS LODGE 992, BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, etc. and The Boston & Maine Railroad, Defendants.

Civ. A. No. 57–998–S.

United States District Court
D. Massachusetts.

Jan. 28, 1958.

Benjamin T. Johnson, Boston, Mass., for plaintiffs.

Tyler & Reynolds, Francis V. Hanify, Boston, Mass., Mulholland, Robie & Hickey, Edward J. Hickey, Jr., Washington, D. C., and Eugene J. Ratto, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

This case is presently before the court on motions of both defendants to dismiss the amended complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

The amended complaint alleges in substance the following:

Jurisdiction is founded on 28 U.S.C. § 1331 and § 1337, the Railway Labor Act, 45 U.S.C.A. §§ 151 and 153, the Labor Management Relations Act, 29 U.S.C.A., particularly § 159(f) and (g), and Rule 23(a), F.R.Civ.P., 28 U.S.C.

The plaintiffs, both members of the defendant Union, were wrongfully discharged or denied employment by the defendant Railroad, and, as a result of collusion between the two defendants were denied a hearing before the Railroad or the Union. The plaintiffs further allege that under 29 U.S.C.A. § 159(f) and (g) they are entitled to receive a copy of the collective bargaining agreement and financial statements of the Union, but that they did not receive these and consequently were deprived of their rights. The prayers are for back wages, reinstatement, costs of this suit and other appropriate relief. The plaintiffs also pray for an order to the Union to furnish financial statements to all members.

First, any claims the plaintiffs have under the Labor Management Relations Act will have to be dismissed for the reason that this statute in very specific language excludes from its terms "any person subject to the Railway Labor Act." 29 U.S.C.A. § 152(2). See also Local Union No. 25 of Intern. Broth. of Teamsters, etc. v. New York, N. H. & H. R. Co., 350 U.S. 155, 76 S.Ct. 227, 100 L.Ed. 166. Moreover, Section 159(f) and (g), which the plaintiff particularly invokes, do not give the remedy the plaintiff here seeks. They merely provide that the National Labor Relations Board shall make no investigation "of any question * * * concerning the representation of employees raised by a labor organization" unless financial statements have been filed with the Secretary of Labor and furnished to all members of such labor organization.

Second, insofar as the complaint is based on the Railway Labor Act, it is dismissed. When Congress amended the Act in 1934 it provided a tribunal, the National Railroad Adjustment Board, for the specific purpose of settling disputes concerning working conditions and the application of collective bargaining agreements. 45 U.S.C.A. § 153. It is very clear now that the jurisdiction of the Board is exclusive in all cases except common law or statutory actions for wrongful discharge. Slocum v. Delaware, Lackawanna & Western R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. All the claims advanced by these plaintiffs do involve a reading of the collective bargaining agreement and consequently are within the sole jurisdiction of the Railroad Adjustment Board.

The plaintiffs apparently rely on the exception set forth in the Slocum case as evidenced by their citing Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and Priest v. Chicago, R. I. & P. R. R., 8 Cir., 189 F. 2d 813. But even if the court interpreted the complaint to state a cause of action for wrongful discharge, which it does

not, the court would still be without jurisdiction, since the only basis of jurisdiction would be Section 1332 of Title 28, diversity of citizenship. There clearly is no diversity in this case.

For the foregoing reasons the action is dismissed.