E. H. SJAASTAD, Plaintiff,

v.

GREAT NORTHERN RAILWAY COMPANY, a Corporation, Defendant.

Civ. No. 3146.

United States District Court
D. North Dakota,
Northwestern Division.

Feb. 10, 1958.

Waldron & Kenner, by: Harris P. Kenner and C. A. Waldron, Minot, N. D., for plaintiff.

Hallan Huffman, St. Paul, Minn., Asst. Gen. Counsel for Great Northern Railway Co., and Nilles, Oehlert & Nilles, Fargo, N. D., by: Herbert G. Nilles, Fargo, N. D., of counsel, for defendant.

REGISTER, Chief Judge.

By its memorandum opinion dated October 11, 1957, 155 F.Supp. 307, this

2. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774.

Court denied defendant's motion for summary judgment and granted plaintiff's motion for leave to file amended complaint. By such memorandum opinion, in denying the defendant's motion for summary judgment, this Court held in effect that in its opinion the sole and exclusive authority and jurisdiction to determine and adjust the cause of action herein is not by law vested solely in the National Railroad Adjustment Board, but that this Court does have jurisdiction over the subject matter of the amended complaint—that this Court does have jurisdiction of an action for damages for a breach of a collective bargaining agreement where plaintiff is wrongfully discharged. The Court further held that, in its opinion, the plaintiff did not have to exhaust his administrative remedies as a condition precedent to instituting suit herein and that even though the plaintiff had elected to proceed under the administrative procedure as provided in the Act and did not pursue his rights thereunder to finality, he was not thereby debarred from maintaining an action for damages for alleged wrongful discharge.

Under date of December 10, 1957, this Court, by its order herein, denied the motion of the defendant for a stay of proceedings—by such motion defendant sought to invoke the equity jurisdiction of the Court to stay the proceedings and a trial herein until final disposition had been made by the National Railroad Adjustment Board of the ex parte submission made by the defendant herein to such Board pursuant to the provisions of said Railway Labor Act, 45 U.S.C.A. § 151 et seq. At the time of that motion it appeared that under date of December 2, 1957, the defendant had filed with the Third Division of said Board ex parte submission of the controversy herein. Of course, the time within which such Board might determine the controversy was speculative and uncertain and the Court denied such motion because the Court was of the opinion that the equities were in favor of the plaintiff insofar as such motion was concerned.

The pending motion now before the Court is defendant's motion for dismissal with prejudice. The basis thereof in effect is that on January 31, 1958, the National Railroad Adjustment Board, after hearing and after due notice to the defendant of such hearing, determined such controversy and made the following determination and award:

"That the Carrier and the Employee involved in this dispute are respectively carrier and employee within the meaning of the Railway Labor Act, as approved June 21, 1934;

"That this Division of the Adjustment Board has jurisdiction over the dispute involved herein; and

"That, as set forth in the Opinion, the Carrier did not violate the Agreement.

"Award

"Carrier's action in discharging E. H. Sjaastad from its service is sustained as per Opinion and Findings."

In effect, by such determination the Board found as a fact that plaintiff's dismissal was not wrongful as averred by plaintiff but was lawful as contended by the defendant. This is the real issue in the law suit. The question is now as to what, if any, effect such determination and award by said Board has insofar as this action is concerned. The Court has specifically in mind the decisions of the Court of Appeals for the 8th Circuit in re: Smithey v. St. Louis Southwestern Railway Company, 237 F.2d 637, and Oswald v. Chicago B & Q Railway Company, 200 F.2d 549, and the other cases cited by this Court in its memorandum opinion of October 11, 1957. In none of those cases, however, had any action been taken by the Board. The Court has also specifically in mind the case of United States v. Western Pacific Railroad Company, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, decided by the Supreme Court of the United States on December 3, 1956.

The alleged cause of action involves the interpretation, construction or appli-

cation of the collective bargaining agreement. That fact is clear. Section 3, First (i) provides specifically for a reference of such disputes to the National Railroad Adjustment Board by either party. The defendant herein has referred such controversy to the Board and such Board has made its determination and award. Under the specific provisions of the Act, 45 U.S.C.A. § 153, subd. 1(m), "The awards shall be final and binding on both parties to the dispute." Plaintiff by his action seeks damages for alleged breach of this contract—he is likewise bound by the provisions of said contract.

That the expert and specialized knowledge of the Board in determining the issues in this case would be helpful is clear. Whether the alleged discharge was lawful depends in part upon an interpretation and construction and meaning of those rules and regulations known as Schedule No. 9 for the Order of Railroad Telegraphers and, in particular, rules four and five thereof. I note that the plaintiff, in his affidavit resisting the defendant's motion for summary judgment, asserts his interpretation and construction and meaning of such rules. It seems to this Court that the question raised was one which was properly submissible by either party to the Board, that such issue was properly determinable by the Board and that the Board's determination as to whether such discharge was lawful or unlawful is final and binding upon both parties hereto. A contrary decision would, in effect, purport to be a judicial determination that the action of the Board, in making the finding and award as to the dispute here involved, is a nullity.

I will state this opinion of the Court is based quite substantially upon the reasoning of the United States Supreme Court in the case of the United States v. Western Pacific Railway Company, and others, heretofore cited, and authority of the cases cited therein. It appears to this Court that the principles and reasoning therein contained are applicable to the situation that exists in the instant case.

The Court also has in mind the case of Cook v. Thompson, D.C., 150 F.Supp. 650, and the comments and representations made by the defendant in this case in its brief concerning the subsequent action that was taken with reference thereto.

For the reasons stated, the motion is granted and the said action is ordered dismissed with prejudice.